CATTRON ET AL. v. THE FIRST UNIVERSALIST SOCIETY OF MANCHESTER.

1. **Corporation:** AUTHORITY OF OFFICERS: PROMISSORY NOTE. Where the business of a church corporation is required by the articles of incorporation to be conducted by its officers as a board of trustees, the president and secretary have no power to execute a note binding upon the corporation without authority from such board.

2. ———: ———: ———. Authority conferred by the trustees to erect a church building, however, would carry with it the power to contract debts necessary for that purpose, and notes executed therefor would be valid.

*Appeal from Delaware Circuit Court.*

THURSDAY, JUNE 7.

ACTION upon a promissory note which is in these words:

"$75.00.              MANCHESTER, IOWA, DEC. 8, 1870.

"One day after date, for value received, we, the officers of the corporate Universalist Society of Manchester, Iowa, promise to pay to C. Bliss, Sr., or order, seventy-five dollars, with interest at ten per cent.

E. N. THOMPSON, <em>President.</em><br>R. W. TIRRELL, <em>Secretary.</em>"

The defendant avers in the answer that it is a corporation organized under the laws of the State of Iowa for church and

religious purposes only, and not for the purposes of trade, and that it has no power to make and issue promissory notes; that its business is managed by a board of trustees, and that no action of said board was ever had authorizing the issuing of the note sued upon; that on the 7th day of October, 1870, some seven persons, including the payee of said note, organized themselves into a company distinct from the organization of defendant; that said organization was perfected by a writing signed by each of said persons and was for the purpose of raising $2,500 to contribute towards the completion of the church edifice of defendant; that the note in suit originated in and was a part of said new organization, and was executed by the members of said new organization, and all and every consideration therefor moved from said payee to said new organization; that said note is not the note of defendant; was never executed by it, and that no consideration for said note ever moved from the payee thereof to the defendant.

There was trial by the court and judgment against the plaintiffs for costs. Plaintiffs appeal.

*Bronson & LeRoy*, for appellants.

*A. S. Blair* and *C. Yoran*, for appellee.

ROTHROCK, J.—I. Upon an examination of the articles of incorporation introduced in evidence, it appears that the business of the defendant was required to be managed and conducted by the officers as a board of trustees. The officers consisted of a president, two vice-presidents, a secretary and a treasurer. The president and secretary only executed the note sued upon, and there is no showing that by any by-law, act, resolution or custom of doing business, authority was conferred upon the two officers named to execute notes or transact other business of the corporation. In the absence of such showing it must be conceded that the note was not originally executed and delivered by the defendant.

II. It is true that, notwithstanding the defective execution of the note, the defendant by its subsequent acts in ratifica-

tion of the transaction out of which the note originated, or by a ratification of the note itself, might have rendered itself liable thereon. This was a question of fact submitted to the court below, and we are not prepared to say that the conclusion that there was no ratification is so manifestly unsupported by the evidence as to demand our interference. It is proper to say further, upon this branch of the case, that whether the consideration named in the note was intended as a donation to the church, or whether it was intended to make claim against the church, or look to other parties for re-payment, are questions which are not free from doubt, as we read the evidence.

III.   While we hold that there was no error in the ruling in the Circuit Court that, under the evidence, this action against the defendant upon the note cannot be maintained, we do not determine that the church corporation is not liable for debts contracted by it for the purpose of erecting its house of worship, or for money borrowed to pay such indebtedness. Undoubtedly the power to erect the church building carries with it power to raise the necessary means to accomplish the purpose, and to this end debts may be contracted, and evidence thereof in the form of promissory notes would be valid. Parsons on Notes and Bills, Vol. 1, p. 164. But as this action is founded upon a note which was not properly executed, and which the court was authorized in finding was not afterward adopted and ratified by the defendant, the judgment of the Circuit Court will be

AFFIRMED.